UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
FREDERICK F.,
                    Plaintiff,    1:20-cv-11500-NLH

v.                                OPINION

COMMISSIONER OF SOCIAL
SECURITY,[1]
                    Defendant.
```

**APPEARANCES:**

ALAN H. POLONSKY
POLONSKY AND POLONSKY
512 S WHITE HORSE PIKE
AUDUBON, NJ 08106

   *On behalf of Plaintiff*

STUART WEISS
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
P.O. BOX 41777
PHILADELPHIA, PA 19101

   *On behalf of Defendant*

**HILLMAN**, District Judge

   This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[2] under Title II of the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration.

[2] DIB is a program under the Social Security Act to provide

Act.  42 U.S.C. § 423, et seq.  The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, March 30, 2009 through his date last insured, December 31, 2015. For the reasons stated below, this Court will affirm the decision below.

I.     BACKGROUND AND PROCEDURAL HISTORY

On April 6, 2017, Plaintiff filed an application for DIB, alleging that he became disabled on March 30, 2009.  Plaintiff claims that he can no longer work as a mechanic because of his Achilles tendon repair; left knee degenerative joint disease, status-post left knee replacement on March 28, 2012; hypertension; and diabetes mellitus.[3]

Plaintiff's claim was denied initially and upon reconsideration.  Plaintiff requested a hearing before an ALJ, which was held on March 19, 2019.  On May 1, 2019, the ALJ

---

disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months.  42 U.S.C. § 423 et seq.

[3] On the alleged onset date of March 30, 2009, Plaintiff was 54 years old, which is defined as "closely approaching advanced age" (age 50-54) and on the date he was last insured, December 31, 2015, Plaintiff was 59 which is defined as "advanced age" (age 55 or older).  20 C.F.R. § 404.1563.

2

issued an unfavorable decision.  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on June 22, 2020, making the ALJ's decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its

totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained the
> weight he has given to obviously probative
> exhibits, to say that his decision is
> supported by substantial evidence approaches

4

> an abdication of the court's duty to
> scrutinize the record as a whole to
> determine whether the conclusions reached
> are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the factfinder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    B.    **Standard for DIB**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a

5

continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations[4] for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

 1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

 2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

 3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

---

[4] The regulations were amended for various provisions effective March 27, 2017.  See 82 F.R. 5844.  The parties do not indicate that any of the amendments are applicable to the issues presented by Plaintiff's appeal.

6

  4. If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

  5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy. If she is incapable, she will be found "disabled." If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

  This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

  C. **Analysis**

  At step one, the ALJ found that Plaintiff had not engaged

7

in substantial gainful activity since the alleged onset of disability.  At step two, the ALJ found that Plaintiff's conditions of Achilles tendon repair; left knee degenerative joint disease, status-post left knee replacement on March 28, 2012; hypertension; and diabetes mellitus were not severe.  Because the ALJ determined that none of the medical impairments were severe, the ALJ did not analyze steps three through five and determined that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred in her decision because her decision that none of Plaintiff's medically determinable conditions were severe was not supported by substantial evidence.  Even though "step two is to be rarely utilized as basis for the denial of benefits," and "its invocation is certain to raise a judicial eyebrow," McCrea v. Commissioner of Social Security, 370 F.3d 357, 361 (3d Cir. 2004), the Court finds that this is the type of case step two was designed to address.

As noted by Plaintiff, "step-two inquiry is a de minimis screening device to dispose of groundless claims." McCrea, 370 F.3d at 360.  Because of this "limited function, the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny." Id.  A reviewing court should not, however, "apply a more stringent standard of review in these cases" – a "denial at step

8

two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole." Id.

The language of step two is directed toward applicants rather than adjudicators: "'If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we [the Social Security Administration] will find that you do not have a severe impairment and are, therefore, not disabled.'" Id. (quoting 20 C.F.R. §§ 404.1520(c), 416.920(c)). The regulations define "basic work activities" to include "'[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.'" Id. (quoting §§ 404.1521(b)(1), 416.921(b)(1)).

All that is required for a claimant to meet the step two standard is to demonstrate something beyond "'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" Id. (quoting SSR 85-28). Any doubt as to whether this showing has been made is to be resolved in favor of the applicant. Here, while the step 2 threshold is low, the ALJ conducted a thorough analysis explaining her reasoning as to why none of Plaintiff's conditions were severe.

With respect to Plaintiff's Achilles tendon and his knee,

9

the ALJ explained that though Plaintiff noted that his knee was stiff to use and that he would have trouble lifting more than twenty to twenty-five pounds, he was able to stand for more than ten to fifteen minutes before feeling pain in his left knee and both feet. (R. at 15-16). Further, the ALJ considered the fact that though Plaintiff had limited range of motion in his Achilles tendon, he did not have pain. (R. at 16).

The ALJ also took into account Plaintiff's daily activities and noted that there was no evidence that they were impacted by Plaintiff's conditions of hypertension and diabetes either. She underscored that the record showed "no problems with his personal care activities, no need for special reminders for personal hygiene or medications, and he was able to prepare meals, travel independently by driving, handle money, and perform household chores including laundry and repairs[.]" McCrea, 370 F.3d at 360. Plaintiff's ability to do these activities certainly fits in the category of "basic work activities" such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," which makes a finding that Plaintiff's conditions are severe inappropriate. Id.

The ALJ's decision also makes clear that she carefully parsed through and examined the record in arriving at her conclusion. She noted the medical records that she considered

10

by name and how she accorded weight to the medical opinions. (R. at 16-18). She further noted the general lack of documentation that Plaintiff proffered regarding his condition. (Id. at 16-17). The ALJ also conducted this level of scrutiny for each of Plaintiff's complained of conditions and took into account the opinions of medical experts that Plaintiff had "excellent" strength in his quadriceps and hamstrings and that he walked with a normal gait. (Id. at 17). Another factor in the ALJ's analysis was the fact that Plaintiff had gone active bathing in the surf right around the time of one of his doctor visits, an activity that shows more than a minimal level of physical functioning. (Id.)

Ultimately, at step two, it is Plaintiff's burden to show that he suffers from one or more severe medical conditions. Wallace, 722 F.2d at 1153. Based on the record before the Court, it finds that the ALJ's decision was supported by substantial evidence.

### III. Conclusion

For the reasons expressed above, the decision of the ALJ was supported by substantial evidence and must be affirmed.

An accompanying Order will be issued.

Date: February 11, 2022         s/   Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

11